### 9454.   DUDLEY v. TAYLOR & MORRIS.

Where there has been no actual delivery of personal property and no agreement as to the price, but vendor and vendee agree to meet at some future day, when the vendee is to inspect the property and a price is to be agreed upon, the contract is executory, title to the property remains in the vendor, and the property is subject to a judgment obtained against the vendor.

DECIDED OCTOBER 16, 1918.

Levy and claim; from city court of Sandersville—Judge Jordan. December 1, 1917.

*J. J. Harris,* for plaintiff in error.   *Evans & Evans,* contra.

BLOODWORTH, J.   On February 14, 1913, an execution in favor of Taylor & Morris and against Wicker was levied on certain per-

sonal property found in the possession of Wicker and levied on as his property. Wicker was a tenant of Dudley and indebted to him. Dudley testified in part as follows: "I am the claimant in this case. The defendants in fi. fa. at the time of the levy were tenants of mine on place in this county. The property levied on was purchased by me from Jenkins Wicker in January, 1913, sometime during the first week in January. Jenkins was in debt to me as his landlord for supplies, etc., and came to me in Sandersville in the early part of January, 1913, and turned over to me on his debt all the property described in this levy. The same was to be credited upon his account. At the time I had never seen the property and no amount was agreed upon between us. I told him that I would go down and look at it. No credit has ever been made upon his account. Before I could go down to the place this levy was made. I filed this claim, and nothing further has been done. The agreement between Jenkins and myself was that I should credit his account with the reasonable value of the property. We did not determine at the time any definite price, but the property was turned over to me under our agreement, and I was later to credit the account with its reasonable value. The property has never been in my manual possession. He did not bring it to Sandersville, and I had never seen the property when this levy was made." Wicker's evidence was substantially the same as that of Dudley.

From the above it appears that there had been no actual delivery of the property to Dudley, nor any agreement as to the price thereof. Granting that there was a constructive delivery, it is clear that there was no agreement as to the price. The property was not to go to Dudley in full settlement of the indebtedness of Wicker, but its value, when determined at some future time, was to be credited thereon. This amounted only to an agreement that Wicker at some time in the future, and at a price then to be agreed upon, would sell to Dudley the property. Before a sale of personal property is complete, the statute provides not only that there must be "consent of the parties" and "an identification of the thing sold," but also "an agreement as to the price to be paid." Civil Code (1910), § 4106. Under the law and the facts of this case the sale from Wicker to Dudley was executory, the title to the property was still in Wicker at the time of the levy, and the court properly directed a verdict in favor of Taylor & Morris.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*