## 15001.  AMERICAN WRITING MACHINE ·CO v. BOBO.

The contract under which the typewriter that the plaintiff sought to recover in trover was delivered by the plaintiff to the defendant's vendor was a contract of rent, and not of sale; the title to the property remained in the plaintiff, and there was no evidence to support the verdict in favor of the defendant. The court erred in overruling the motion for a new trial.

DECIDED JANUARY 16, 1924.

Trover; from Haralson superior court—Judge Irwin. August 20, 1923.

The evidence shows that the American Writing Machine Company, after some correspondence with R. F. Turner, sent to him an order blank which, after being signed and returned to them, was as follows: "Rental order blank. Please use this order blank in order to ensure prompt shipment: American Writing Machine Company, 48 N. Pryor St., Atlanta, Ga. Enclosed is $5.00 in the form of post-office money order to pay rental for three months on Remington typewriter. If I decide at the end of three months to buy the machine, you are to credit me with the full amount of five dollars on the purchase price. If I decide at the end of three months rental not to buy the machine, and should not wish to keep it on rental any longer, I agree to return it to you by prepaid express, carefully boxed. I am to have the privilege, however, of renting the machine longer, if I should wish to do so, at the special rate of five dollars for three months, or at the rate of $.... if rented by the single month. My shipping point is Tallapoosa, Ga., post-office address is Tallapoosa, Ga. Yours truly, (Sign here) R. F. Turner. Name of reference John Smith, address Tallapoosa, Ga. Name of reference W. H. Davis, address Tallapoosa, Ga." After receiving the typewriter and using it for some time, Turner sold it to S. E. Bobo, and left the community in which he was living. The typewriter company finally instituted an action of trover against Bobo. Bobo filed a plea which in part is as follows: "Defendant was in possession of a typewriter, but whether of the exact numbers and description alleged defendant can neither admit nor deny. Defendant denies that it was of the value alleged, or that plaintiff had any title thereto or just claim or title thereto, or right to the possession thereof." When the case was tried the jury returned a verdict for the defendant. The

plaintiff made a motion for a new trial, which was overruled, and the movant excepted.

*H. J. McBride,* for plaintiff.

*Griffith & Matthews* and *Lloyd Thomas,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts). The court properly construed the contract,—the order blank as signed and returned,—as "one of rental." Under the facts shown by the record Turner never bought the typewriter. Before a sale of personal property is complete, the statute provides, not only must there be "consent of the parties" and "identification of the thing sold," but also an agreement as to the price to be paid. Civil Code (1910), § 4106. See *Dudley* v. *Taylor,* 22 *Ga. App.* 715, 716 (97 S. E. 91). Granting that the contract gave to Turner an option to buy the typewriter, he never gave to the American Writing Machine Company any notice that he would exercise this option; and as the contract named no purchase price and none was ever agreed upon, there was no sale, and the title remained in the American Writing Machine Company. As there is no evidence to support the verdict, the court erred in overruling the motion for a new trial.

Under this ruling it is unnecessary to consider the other assignments of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*