Pusey & Co. *v.* McElveen Commission Co.

By the contract as alleged in the declaration, delivery by the sellers
and payment by the purchasers were to be concurrent acts; and
no specific time for performance by either party being alleged,
and the declaration being silent as to any demand upon the de-
fendant for delivery or any refusal to deliver, or any offer of pay-
ment or tender of the purchase money, and as to any readiness
or willingness of the plaintiffs to perform on their part, the dec-
laration set forth no complete cause of action, and it was error to
overrule the demurrer. To allege merely that the defendants
failed to deliver at the time specified, no time in fact being speci-
fied, is not sufficient, in the absence of other requisite allegations,
to set forth any breach of the contract on their part.

June 30, 1894. Argued at the last term.

Action on contract. Before Judge Sweat. Glynn
superior court. May term, 1893.

The declaration alleged: Pusey & Co., of Avondale,
Pa., are indebted to plaintiffs $713.70, with interest from
April 25, 1891, which they refuse to pay. In April,
1891, plaintiffs made with them a contract by which
they agreed to sell and deliver to plaintiffs at Avondale
252 tons of hay at $10 per ton, to be loaded upon the
vessel Anna Pendleton then lying at Philadelphia, which
plaintiff had chartered to transport the hay from Phil-
adelphia to Brunswick. The additional cost for freight
from Avondale to Philadelphia for delivery to said ves-
sel would have been $1.20 per ton, making the hay cost
plaintiffs $11.20 per ton. They immediately closed the
contract, agreeing to pay said moneys, and defendants
undertaking to deliver the hay upon said terms. By
the contract of chartering, the owners of the vessel
were to receive $55 per day for all demurrage caused
by default in properly and speedily freighting her after
her "lay-days" had expired. Defendants failed to com-
ply with their part of the contract by failing to deliver
the hay at the time specified, whereby plaintiffs were

forced to pay $412.50 as demurrage to the owners of the vessel; and defendants having so failed to comply with their contract, plaintiffs to save themselves from further loss were forced to buy hay from others at $12.12 per ton, the best terms they could make, whereby they were further damaged $301.20, the difference between what it would have cost to place the hay on the vessel at the contract price, and the amount they were forced to pay for it. By the contract defendants were to allow plaintiffs thirty cents for each ton of hay so bought, as commissions for the sale thereof; and plaintiffs are entitled to $75.60 as commissions, which they lost by the failure of defendants to comply with the contract.

Defendants demurred to the petition, on the grounds indicated in the opinion, among others. The demurrer was overruled.

JOHNSON & JOHNSON, by brief, for plaintiffs in error.
F. H. HARRIS and J. L. HARRIS, *contra.*

SIMMONS, Justice.

The plaintiffs sought to recover upon an alleged breach of contract by the defendants in failing to deliver a certain quantity of hay which they had agreed to sell and deliver to the plaintiffs at Avondale, Pennsylvania, to be loaded upon a vessel at Philadelphia, chartered by the plaintiffs for the purpose of bringing the hay to Brunswick. According to the allegations in the declaration, the delivery of the hay by the defendants and payment therefor by the plaintiffs were to be concurrent acts. The declaration does not allege any specific time for performance by the parties on either side, and is silent as to any demand upon the defendants for delivery or any refusal to deliver, or any offer of payment or tender of the purchase money, and as to any readiness or willingness of the plaintiffs to perform on their part. This being so, the declaration failed to set forth a com-

plete cause of action, and the court erred in overruling the demurrer. "Where two acts are to be done at the same time, as where one agrees to sell and deliver, and the other to receive and pay, in an action for the non-delivery it is necessary for the plaintiff to aver and prove a readiness to pay on his part, whether the other party was at the place ready to deliver or not." If no time for delivery is specified in the contract, a demand and refusal must be alleged. The allegation that the defendants failed to deliver "at the time specified," there being no other allegation showing that any time was in fact specified in the contract, is not sufficient, in the absence of other requisite allegations, to set forth a breach of the contract. See *Biggers* v. *Pace*, 5 *Ga.* 171; *Hotchkiss* v. *Newton*, 10 *Ga.* 560, 565; *Bruce* v. *Crews*, 39 *Ga.* 544(3), 548; *Allen* v. *Hollis*, 31 *Ga.* 143, 147; Maxwell, Code Pleading (ed. 1892), p. 81, and cases cited in note 1.                    *Judgment reversed.*