### HERRINGTON v. JONES.

BECK, J. Under the terms of the contract, for a breach of which the action was brought to recover damages, certain obligations were imposed upon the plaintiff, a compliance with which was a condition precedent to the exercise of the right and privilege which he claimed under the contract, and a prevention of the exercise of which right was alleged as constituting the breach; and it not appearing from the petition that the plaintiff had complied with such condition, he showed no right in himself to maintain the action as brought, and the court did not err in so holding and dismissing the case upon demurrer.

*Judgment affirmed. All the Justices concur.*

Submitted May 20, 1908.—Decided February 26, 1909.

Action for breach of contract. Before Judge Rawlings. Emanuel superior court. October 25, 1907.

On October 11, 1905, Allen Jones executed the following instrument: "This is to show that I have sold to A. A. Moore and J. L. Herrington five hundred picked pines, to be cut anywhere on my land, for $2,500, to be paid as follows: $500 cash, then said Moore and Herrington can cut seventy-five pines, and then pay $500 cash and then cut seventy-five more pines, and so on until they pay the $2,500, and then they can cut the remainder of the five hundred pines. . . I further agree to give Moore and Herrington twelve months to cut said five hundred pines."

On May 8, 1906, Moore and Herrington transferred and assigned to S. J. Herrington, the plaintiff, all their right, title, and interest in and to the foregoing instrument and the pine trees therein mentioned, with all other rights and privileges they had by virtue of said instrument. On March 29, 1907, this suit was filed against Jones, with the following among other allegations: By virtue of the contract the plaintiff is the owner of 72 picked pine trees standing on the land of Jones. After the date of the contract the plaintiff purchased the sawmill business of Moore and Herrington, with all their rights to timber by lease or otherwise, and thus became the owner of their interest in the 72 trees. Before completing the purchase, the plaintiff went with Moore to Jones, and it was agreed between all the parties that 115 choice pine trees remained to be cut, that Moore and Herrington had cut and carried away 385 and had paid for 400,—Jones expressly admitting these facts, and further stating that plaintiff could cut and carry away the additional 100 pines as he paid for them. Subsequently he paid Jones $140, and at a later date $60, and cut and carried away 43 pines, leaving 72 remaining to be cut under the contract. At various and divers times he has tendered to Jones $300, the balance due under the contract, which tender is continuing. Although he has in good faith endeavored to perform his part of the contract, yet Jones and his agents have by force, threats, and intimidation prevented him and his laborers from cutting and carrying away the 72 pines. Relying on the admissions of Jones, the plaintiff purchased the sawmill outfit of Moore & Herrington, investing about $2,000 therein; and later, when he and his employees were so prevented by Jones and his agents from cutting and carrying away said trees, he was compelled to suspend the operation of his mill; and when he attempted, on October 6, 1906, to again cut and carry away said timber, Jones and his agents again prevented him and his employees from so doing, by the means before mentioned. The remaining allegations set forth the damages sustained by the plaintiff in the loss of profits that he would have made from sawing and selling the timber. On demurrer the action was dismissed; one of the grounds of demurrer being that indicated in the headnote.

*Williams & Bradley,* for plaintiff.

*Smith & Kirkland,* for defendant.