23330.  DANIEL *v.* DALTON NEWS COMPANY.

Decided March 3, 1934.

*Oliver R. Hardin,* for plaintiff in error.
*W. E. Mann, Luther T. Mann,* contra.

MacIntyre, J.  ■ The Dalton News Company, a corporation, brought suit against E. B. Daniel for a balance alleged to be due it by the defendant on account of an alleged stock subscription by the defendant of ten shares of the capital stock of said corporation at $100 per share, of which the defendant had only paid $300, and setting up that the defendant owed the plaintiff for the stock subscribed for by him $700, with interest from July 15, 1929, the date on which said sum was due and payable to it by the defendant. The stock subscription contract signed by the defendant is as follows : "We,

the undersigned, hereby subscribe for the number of shares of the stock of The Dalton News Company, Inc., set opposite our names and agree to pay for the same when it is issued, or 50 per cent. when the stock is issued, and the balance on July 15, 1929, said stock to be paid for at the rate of $100.00 per share. Ellis B. Daniel 10 shares. . . 100.00." The defendant demurred to the petition as setting up no cause of action against him, the demurrer was overruled, and to this judgment the defendant excepted pendente lite. *Held:*

(*a*) "A contract may be absolute or conditional. In the former, every covenant is independent, and the breach of one does not relieve the obligation of another. In the latter, the covenants are dependent the one upon the other, and the breach of one is a release of the binding force of all dependent covenants. The classification of every contract must depend upon a rational interpretation of the intention of the parties." Civil Code (1910), § 4223.

(*b*) "Conditions may be precedent or subsequent. In the former, the condition must be performed before the contract becomes absolute and obligatory upon the other party. In the latter, the breach of the condition may destroy the party's rights under the contract, or may give a right to damages to the other party, according to a true construction of the intention of the parties." Civil Code (1910), § 4224.

(*c*) A condition precedent requires performance before performance by the other party. *Winn* v. *Tabernacle Infirmary,* 135 *Ga.* 380, 383 (69 S. E. 557, 32 L. R. A. (N. S.) 512); *Baker* v. *Smith,* 135 *Ga.* 628 (70 S. E. 239). Under the subscription contract in this case, the purchaser agreed to pay for the stock subscribed for "when it is issued, or 50 per cent. when the stock is issued, and the balance on July 15, 1929." The issuance of the stock on or before July 15, 1929, was a condition precedent, and it was necessary that it be performed before performance upon the part of the purchaser by paying for the stock became obligatory.

(*d*) "When a plaintiff's right to recover on a contract depends upon a condition precedent to be performed by him, he must allege and prove the performance of such condition precedent, or allege a sufficient legal excuse for its non-performance." *Griswold* v. *Scott,* 13 *Ga.* 210; *Life Ins. Co. of Va.* v. *Proctor,* 18 *Ga. App.* 517 (89 S. E. 1088); *Williams Valve Co.* v. *Amorous,* 19 *Ga. App.* 156 (91

S. E. 240) ; *Baker* v. *Tillman,* 84 *Ga.* 401 (11 S. E. 355) ; *Herrington* v. *Jones,* 132 *Ga.* 209 (63 S. E. 832).

(*e*)   There was no allegation in the petition that the stock had been issued, nor was there any allegation as to why it had not been issued.   Construing the allegations of the petition most strongly against the pleader, as the court is bound to do on general demurrer, the petition does not show a performance of the condition precedent, the issuance of the stock, or any sufficient legal excuse for failure of the plaintiff to issue the same; and it was error for the court to overrule the general demurrer to the petition.

■   Moreover, even if it was not error for the court to overrule the demurrer to the petition, the defendant filed his answer to the petition, setting up that the plaintiff had induced him to sign the subscription contract and agree to purchase said stock by reason of certain false and fraudulent statements made by its president and the owner of all of its stock, except three shares, knowingly made for the purpose of inducing him to purchase said stock.   These false statements and representations consisted of representations that the plaintiff was going to put on a daily newspaper, that it had procured the services of a well known and experienced newspaper man to run the business, and that such person had purchased the controlling interest in the corporation and had put $16,000 in cash in the business, that the corporation was going to install all modern machinery and equipment for the purpose of putting out a modern daily newspaper ; and that certain other well known and financially responsible persons, known to the defendant, had invested their money and purchased stock in the corporation ; and that all of said statements were untrue and false, which was known by defendant's president and owner of nearly all its stock, who was to receive all the benefits from the defendant's purchase of the stock, to be untrue and false, and were made for the express and designed purpose of procuring the defendant to sign said stock subscription contract and purchase said stock.   The defendant further set up that he let the plaintiff have $300 on said stock, which had been gotten by it under a promise to pay it back, and that he had lost said sum by reason of being induced to sign said contract and agree to take said stock.   Plaintiff's president stated that the corporation was solvent, which was true.   The plaintiff demurred to the answer and the court struck the same, and to this judgment the defendant excepted pendente lite.   *Held:*

(*a*) "Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action." Civil Code (1910), § 4409. Fraud avoids all contracts. § 4254. "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. . . In all cases of deceit, knowledge of the falsehood constitutes an essential element." § 4410. "Actual fraud consists in any kind of artifice by which another is deceived." § 4622. ·Misrepresentation of a material fact, made wilfully to deceive constitutes legal fraud. § 4623.

(*b*) A statement of fact is the foundation of fraud under section 4623. *Oliver* v. *House*, 125 *Ga.* 637 (54 S. E. 732). A misrepresentation by a director to a person purchasing stock concerning the financial condition of the corporation is actionable. *Camp* v. *Carithers*, 6 *Ga. App.* 608, 612 (61 S. E. 583). See also *National Exchange Bank* v. *Sibley*, 71 *Ga.* 726. It is the province of the jury to pass upon all the circumstances of the alleged fraud. ·*Johnson* v. *Renfroe*, 73 *Ga.* 138, 139. And to determine whether or not the party defrauded exercised diligence in discovering the falsity of the misrepresentations. *Summerour* v. *Pappa*, 119 *Ga.* 1 (45 S. E. 713).

(*c*) "As between a stockholder and the corporation, unless special circumstances alter the case, the general rule that contracts obtained by fraud may be avoided by the party defrauded, applies to a stock subscription induced by the fraud of the company through its authorized agent; and so likewise where only the rights of other shareholders are affected, the company being solvent and 'a going concern.'" *Gress* v. *Knight*, 135 *Ga.* 60 (68 S. E. 834, 31 L. R. A. (N. S.) 900).

(*d*) It follows that the answer of the defendant set up a good defense to the action of the plaintiff, if proved, and the court erred in striking the same on plaintiff's demurrer.

■ The defendant offered an amendment to his answer, setting up that the stock subscribed for by him had never been issued nor delivered to him nor tendered to him by the plaintiff, and that the plaintiff had not complied with the conditions of the subscription contract. The court refused to allow this amendment, and the defendant excepted pendente lite thereto. As has been seen from the principles laid down in the first division of this opinion, the is-

suance of the stock by the plaintiff corporation was a condition precedent, and before it became obligatory upon the defendant to pay for the same, the stock must have been issued or a sufficient legal excuse shown why it was not issued. In these circumstances, the amendment to the defendant's answer, setting up as a defense that the stock had not been issued, had not been delivered to him, and had not been tendered to him, set up a good defense, and it was error for the court to refuse to allow the same upon motion of the plaintiff.

■ It follows that the subsequent trial and verdict in plaintiff's favor were erroneous; and the court erred in overruling defendant's motion for new trial.

■ It is said that the ruling upon the striking of the answer to the petition upon the disallowance of an amendment to the answer should not be passed upon and that the rulings of the court upon the last three assignments are mere obiter dicta and not binding as precedents. The court below overruled a general demurrer to the plaintiff's petition complaining that the condition precedent necessary to create liability on the part of the defendant should have been alleged. This demurrer being overruled, the trial court then struck the defendant's answer, as shown above. The defendant brought the case to this court, properly assigning error on these rulings. This court holds that the trial court was in error in not sustaining the demurrer to the petition. If we went no further in our decision (conceding, but not deciding, that the plaintiff had a right to meet the general demurrer by amendment, and so did), the same defenses would *probably* arise in the next trial. Judge Evans, in *Carrington* v. *Brooks,* 121 *Ga.* 250 (48 S. E. 970), said: "Questions presented by an assignment of error, but relating to matters which can be of *no practical importance* on another hearing of the case, will not be specifically dealt with by this court in the event the judgment of the lower court is reversed on other grounds which are controlling." (Italics ours.) In the opinion he said: "The foregoing deals with the main questions involved in the case; and it is not necessary to discuss other grounds of the motion, complaining of the exclusion of certain parol evidence offered for the purpose of showing that the defendant had parted with the title and possession of the mill property, as these grounds relate to a matter of proof which will not probably arise on the next trial." We are of

the opinion that this question, the striking of defendant's answer, which is presented by a valid assignment of error, relates to a matter which will be of *practical importance* in another hearing of the case. Section 6203 of the Civil Code (1910) reads: "The Supreme Court shall not decide any question unless it is made by a special assignment of error in the bill of exceptions, and *shall decide* any question made by a specific assignment of error in the bill of exceptions." (Italics ours.) Section 6197 of the Civil Code (1910) reads: "The Supreme Court shall proceed to hear at the first term (unless prevented by providential cause) all cases properly docketed, and with the records made up ready for a hearing. The court shall decide all questions presented in the record of each case carried up to it for review. And no continuance shall be allowed except for providential cause." Surely these two sections of our code mean something. This decision we conceive to be in compliance with the mandatory provisions thereof.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., concurs specially.*

BROYLES, C. J., concurring specially. I concur in the ruling that the court erred in overruling the general demurrer to the petition. However, I do not concur in the other rulings. The error in overruling the general demurrer to the petition rendered the further proceedings in the case nugatory; and, under the uniform rulings of the Supreme Court and of this court, the other assignments of error upon the striking of the answer to the petition, upon the disallowance of an amendment to the answer, and upon the overruling of the motion for a new trial, should not be passed upon. Of course, the rulings of the majority of the court upon these last three assignments of error are obiter dicta and not binding as precedents.