27440. BILLITER *v.* LEDBETTER-JOHNSON
CONTRACTORS INCORPORATED.

DECIDED APRIL 15, 1939.

*Maddox & Griffin,* for plaintiff.

*Wright & Covington, Tom Willingham,* for defendant.

GUERRY, J. The plaintiff brought an action in trover against George Fisher and Ledbetter-Johnson Contractors Inc. On di-

2

rection by the court the jury returned a verdict against Fisher for the highest proved value of the property, and in favor of Ledbetter-Johnson Contractors Inc. The plaintiff excepted to the overruling of his motion for a new trial as to Ledbetter-Johnson Contractors Inc., assigning error on the direction of the verdict.

■ A motion was made to dismiss the writ of error, because Fisher was not made a party to the bill of exceptions, or served, on appeal to this court. The Code, § 6-1202, provides that a case shall not be dismissed in this court when a party not interested in sustaining the judgment of the court below has not been served. No party will be considered as interested in the litigation in the appellate court who will not be affected by the judgment rendered. Fisher filed no answer in the court below, and admitted in his testimony that he had contracted to buy from the plaintiff the property sued for, and had not paid for it. The verdict was adverse to Fisher, and was for the highest proved amount of value of the property. Fisher can not be concerned in the sustaining of the verdict against him. Ledbetter-Johnson Contractors Inc. filed their answer denying liability, and obtained a directed verdict in its favor. A reversal of this finding would be of no concern to Fisher, nor would it necessarily constitute a reversal of such judgment rendered in the default against him. In *Pharr* v. *Eve,* 17 *Ga. App.* 686 (87 S. E. 1098), it was said: "The record before us does not show that the maker and indorser of the note sued upon, against whom the jury found a verdict, are interested in having that verdict and judgment sustained, which, while holding them liable, relieved the other indorser or surety from all liability; and the motion to dismiss the bill of exceptions because the two former parties are not parties thereto is overruled." See also *Augusta Motor Sales Co.* v. *King,* 33 *Ga. App.* 433 (126 S. E. 866); *Bank of Covington* v. *Cannon,* 133 *Ga.* 779 (67 S. E. 83); *Eining* v. *Georgia Railway & Electric Co.,* 133 *Ga.* 458 (66 S. E. 237). "Omission to make one interested in reversing the judgment (not in sustaining it) a party to the bill of exceptions was not cause to dismiss the writ of error." *Federal Land Bank* v. *Paschall,* 180 *Ga.* 224 (178 S. E. 659). The motion to dismiss the writ of error is denied.

■ According to the testimony of the plaintiff, Fisher called him by telephone in reference to a rock crusher owned by him, and said,

"If you will let me have this crusher, I will pay you rent in advance, I will pay you $175 per month; if I keep the crusher until the rent reaches $800 I want you to sell me the crusher." The plaintiff told Fisher, "All right." He further testified that Fisher said to him, "I will send you your first check Monday" (that was Saturday night), "and the balance of it will be paid in advance before I use the crusher;" and in addition to that Fisher said, "If the rentals reach $800 I want you to let me have the crusher, sell it to me." To this the plaintiff answered, "I will agree with you." He testified: "We agreed, if the rentals reached the $800, that would be the purchase-price of the crusher. I was surrendering the crusher to him on that agreement. That is the only agreement I had with him at the time." He further testified that when Fisher had paid a little more than four months on it the crusher would be his. He was to pay up to $800. Fisher paid only $200 thereon to the plaintiff, and afterward turned the crusher over to Ledbetter-Johnson Contractors Inc., in satisfaction of an indebtedness due them, they having no notice or knowledge that Fisher did not own the crusher or that the title thereto was in some one else. No contract in writing for the sale of the crusher was ever entered into. The verdict directed by the court against Fisher was for the highest proved value of the crusher, less the $200 paid, and in favor of Ledbetter-Johnson Contractors Inc.

If the contract between Billiter and Fisher was a rental contract and nothing else, a verdict should have been rendered against Ledbetter-Johnson Contractors Inc., also. If it was a conditional-sale contract, the verdict as directed was proper. If the contract constituted a rent agreement, with an option to buy, it was not a conditional-sale contract. The Supreme Court in *Enterprise Distributing Corporation* v. *Zalkin*, 154 *Ga.* 97 (113 S. E. 409), said: "The written instrument wherein the Enterprise Distributing Corporation let to the United Picture Productions Corporation the property therein described, for a period of fifty-two weeks, the latter company agreeing to make to the former corporation, at stated intervals during this term, certain payments as rentals, and the former agreeing to deliver to the latter a bill of sale to said property, after the expiration of said term, if the United Picture Productions Corporation had fully complied with all its obligations as to such payments and otherwise, constituted a sale of the

property described." See cases cited in that opinion; also *Mc-Kenzie* v. *Roper Wholesale Grocery Co.*, 9 *Ga. App.* 185 (70 S. E. 981). Although the contract may refer to the payments to be made as rent, if it also provides that title shall pass when such rent is paid in full, it is a conditional contract of sale. If the contract is one for rent alone, but with an option to buy, as in case of *American Writing Machine Co.* v. *Bobo*, 31 *Ga. App.* 540 (121 S. E. 246), it will not be construed as a conditional sale. The plaintiff himself testified that it was agreed that if the rentals reached $800 it was to be a sale. He did not testify that he agreed to rent the crusher to Fisher at $175 per month, and that Fisher had an option to buy by making a decision afterwards, as was in the *Bobo* case cited above. The agreement was, "We agreed, if the rentals reached the $800, that would be the purchase-price of the crusher. I was surrendering the crusher to him on that agreement."

■ A sale of this character, in order for reservation of title to be valid against third persons, must be in writing, although as between the parties themselves it may be enforced whether in writing or not. It is undisputed in the evidence that Fisher sold this crusher to Ledbetter-Johnson Contractors Inc., and that they had no notice of any claim against the crusher by the plaintiff. The court did not err in directing the verdict in favor of Ledbetter-Johnson Contractors Inc., such verdict being demanded by the evidence.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. Where in a suit against several joint defendants "there is a verdict for the plaintiff against some of the defendants for a given amount, and in favor of the other defendants, there can be no new trial between the plaintiff and the latter alone; but if a new trial is granted at all, it must be granted as to all the parties. Accordingly, all the defendants below are necessary parties to a bill of exceptions sued out by the plaintiff for the purpose of obtaining a new trial; and if some of these defendants are not made such parties, the writ of error must be dismissed." *Hunter* v. *Wakefield*, 97 *Ga.* 543 (2) (25 S. E. 347, 54 Am. St. R. 438); *Western Union Telegraph Co.* v. *Griffith*, 111 *Ga.* 551, 559 (36 S. E. 859); *U. S. Leather Co.* v. *First National Bank*, 107 *Ga.*

263, 264 (33 S. E. 31); *Davis* v. *Walters*, 140 *Ga.* 229 (78 S. E. 838); *Latch* v. *Latch*, 147 *Ga.* 432 (94 S. E. 556); *Robinson* v. *Penn Mutual Life Insurance Co.*, 148 *Ga.* 793 (98 S. E. 463); *Anderson* v. *Haas*, 160 *Ga.* 420 (128 S. E. 178); *Malsby* v. *Shipp*, 177 *Ga.* 54 (169 S. E. 308). Under the above-stated ruling and the facts of the instant case, the defendant Fisher (against whom the plaintiff obtained a verdict for $800) was a necessary party to the bill of exceptions; and Fisher not having been made such party, the motion to dismiss the writ of error should be sustained.