34213.   BARRON *v.* FOSTER *et al.*

DECIDED OCTOBER 24, 1952.

*George G. Finch, James LeRoy Finch,* for plaintiff in error.

*Harold Sheats, E. A. Wright, Standish Thompson, Durwood Pye, Smith, Field, Doremus & Ringel,* contra.

SUTTON, C.J. The orders sustaining certain grounds of demurrer to the plaintiff's petition were entered June 24th, and the plaintiff was allowed 15 days in which to amend to meet the grounds of demurrer. Before the expiration of the 15-day period allowed for amending his petition to meet the grounds of demurrer, the plaintiff filed his bill of exceptions assigning error on the above judgments.

By the act of the General Assembly, approved February 15, 1952 (Ga. L. 1952, p. 243 et seq.), it is provided: "Where the court sustains any or all demurrers to pleading and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment. . ." Under the

terms of this act, the orders in question which sustained certain grounds of demurrer and allowed time to amend to meet the grounds of demurrer, were not final orders in that they did not instantly dismiss the case. The finality was held in abeyance pending the acceptance or rejection of the proffered terms. "It would be a contradiction of terms to declare that an order allowing a plaintiff to stay in court, provided within a certain time he did a certain thing, at once terminated his case. In such an instance the case is not dead, but the death sentence is suspended, and will never be executed provided the condition be fulfilled. In cases of the character under discussion, the orders, though they may be final in a sense, are not really final until the end of the time when by their express language the contemplated possibility either happens or does not happen." *Peyton* v. *Rylee,* 191 *Ga.* 40, 43 (11 S. E. 2d, 195), and citations.

The bill of exceptions in the present case was certified three days after the judge entered orders on the demurrers in which a period of 15 days was given to the plaintiff to amend his petition. The order was not a final dismissal of the case and was not subject to exception or review, since it must be superseded by a final order on the sufficiency of the pleadings to be entered by the judge after the expiration of the period allowed for amendment. (Ga. L. 1952, p. 243, supra). Therefore, it follows that the writ of error must be dismissed.

*Writ of error dismissed. Felton and Worrill, JJ., concur.*