36676.   GLASSER *v*. DECATUR LUMBER & SUPPLY
COMPANY.

Decided May 3, 1957.

670

*Leiter & Leiter*, for plaintiff in error.
*Zachary & Hunter*, contra.

CARLISLE, J. ▮▮ Headnotes 1 and 2 are self-explanatory and require no elaboration.

▮ Under the allegations of the petition, this action is brought by the plaintiff to collect certain sums alleged to be due, interest, and attorney's fees, on a series of six notes made payable to the plaintiff, or its order, drawn by Midwest & Southern Builders, signed by Henry E. Glasser, as president, and indorsed by Henry E. Glasser individually in blank before delivery to the plaintiff. The action was instituted on the notes on May 25, 1956. The notes are by their terms payable on November 27, 1953; December 18, 1953; December 26, 1953; January 1, 1954; January 8, 1954; January 15, 1954; and each of the notes contains a waiver of demand and protest. The individual defendant in his answer denied each of the material allegations of the petition.

In paragraph 2 of his individual answer, the defendant Glasser denies that he is individually liable by virtue of the following notice given to the plaintiff by letter dated January 12, 1955: "This is to advise that the notes signed by me as president of Midwest & Southern Builders, Inc. are in default at this time.

"As I signed these notes as guarantor only on the reverse side, I want to put you on immediate notice that I want no further responsibility for this corporation in this matter, and insist that you file suit at once against the corporation in order to effect collection."

"A person placing his signature upon an instrument other than

as maker, drawer, or acceptor, is deemd to be an indorser unless he clearly indicates by appropriate words his intention to be bound in some other capacity." Code § 14-604.

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser. . . 1. If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties. . ." Code § 14-605.

"Any surety, guarantor, or indorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor, . . . to proceed to collect the same from the principal, . . . and if the creeditor . . . refuses or fails to commence an action for the space of three months after such notice (the principal being within the jurisdiction of this State), the indorser, guarantor, or surety giving the notice, . . . shall be discharged. No notice shall be considered a compliance with the requirements of this section which does not state the county in which the principal resides." Code § 103-205.

The plaintiff, being legally entitled to do so (*Douglas, A. & G. Railway Co.* v. *Swindle*, 2 *Ga. App.* 550 (3), 59 S. E. 600), demurred generally to this paragraph of Glasser's answer as stating no issuable defense to the action. This paragraph of the answer is in the nature of a plea in avoidance by the defendant under the terms of Code § 103-205. This benefit claimed is not available to the defendant under the allegations of his own pleading. The discharge claimed is statutory, and a strict compliance with the requirements of the statute by one claiming benefit under it is mandatory. It would seem to appear that the corporate maker of the note is a foreign corporation, and an indorser of a promissory note, where the maker resides out of the State is not discharged if the creditor, on request, neglects to proceed against the principal in the absence of an offer of indemnity to the holder against the consequences, risk, delay or expenses. *Prior* v. *Gentry*, 11 *Ga.* 300. Even were the principal's non-residency not true, the defendant is not discharged by virtue of his notice to the payee. The notice does not state the county in this State in which the principal resides as required by the statute. The trial court, consequently, did not err in sustaining the general demurrer to this paragraph of the defendant's answer.

■ A person signing a promissory note on its back without qualification is prima facie an indorser. *Massell* v. *Prudential Ins. Co.*, 57 *Ga. App.* 460, 470 (196 S. E. 115), and citations.

Where a pleader's conclusions are not sustained by any facts set forth in his plea, such conclusions are subject to demurrer. *Carusos* v. *Briarcliff, Inc.*, 76 *Ga. App.* 346 (45 S. E. 2d 802).

Under an application of the foregoing principles of law, the trial court properly sustained the plaintiff's special demurrer to the following portion of paragraph 5 of the defendant's answer: "Further answering, defendant, H. E. Glasser, states that he signed his name to the back of said notes as guarantor, and not as an indorser, and that he cannot therefore, be sued in the same action as the maker." The defendant did not in this paragraph, or elsewhere in the answer, allege any facts showing it to have been the intention of the parties that he indorsed the note as a guarantor. Consequently, the presumption referred to above prevails.

■ Under the terms of the notes themselves, and following the two foregoing rulings of the trial court, the only issuable defense remaining was whether attorney's fees were recoverable. Following the trial court's ruling on the plaintiff's demurrers to the answer, the plaintiff by amendment struck those portions of the petition seeking to recover attorney's fees, leaving the defendant without any issuable defense. The notes, which were introduced in evidence, show upon their face that they had reached maturity and were unconditional contracts in writing by the terms of which demand and protest were waived. The trial court, under these circumstances, did not err in dismissing the jury and entering judgment for the plaintiff.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*