36966.   BRYDIE *v.* PRITCHARD.

DECIDED JANUARY 23, 1958.

O. J. Tolnas, Preston M. Almand, for plaintiff in error.

Larry V. McLeod, Gardner & Gayner, John M. Gayner, contra.

TOWNSEND, Judge. ■ " 'Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment.' Code § 81-1001 (as amended by Ga. L. 1946, pp. 761, 775; Ga. L. 1952, pp. 243-245; Ga. L. 1953, Nov.-Dec. Sess., p. 82)." *McCormick* v. *Johnson*, 213 *Ga.* 544 (1) (100 S. E. 2d 195). Accordingly, the only demurrers before this court are those to the petition as finally amended.

■ In its decision transferring the bill of exceptions to this court (*Brydie* v. *Pritchard*, 213 *Ga.* 588, 100 S. E. 2d 435), the Supreme Court held that, the plaintiff having amended to show that she had conveyed title to another, and the defendant having filed a disclaimer, the action remains one for mesne profits only. This being true, ground 3 of the demurrer attacking the amended petition on the ground that there was no prayer for delivery of the premises (the sole prayer being for recovery of mesne profits) had become moot, and the trial court erred in sustaining it.

■ The defendant contends that his general demurrer is good for the reason that after the action in ejectment has been abandoned the suit cannot proceed as an action for mesne profits. Code § 33-105 reads: "No plaintiff in ejectment shall have and maintain a separate action in his behalf for the recovery of mesne profits which may have accrued to him from the premises in dispute." This Code section changed the common law which was to the effect that a plaintiff in ejectment must resort to a separate action for mesne profits. Powell, Actions for Land, § 409. In *Parker v. Salmons,* 113 *Ga.* 1167 (5) (39 S. E. 475) it is stated: "The prohibitory terms of the statute [Code § 33-105] apply only to those persons who have as plaintiffs in a prior ejectment suit recovered possession." Accordingly, the mere abandonment of the count in ejectment by the plaintiff who has not had a prior recovery in such action is not such a prior recovery as would prohibit the continuance of the action for mesne profits. One difference between the present writ of error and the case of *Jones v. Cliett,* 114 *Ga.* 673 (40 S. E. 719) is that in the *Jones* case the plaintiff was not such a person as might maintain an action in ejectment in the first instance. The plaintiff here in November, 1952, when the suit was filed and from then until January, 1957, was the alleged owner of the land and therefore the proper person to bring the action; that she sold the property pending the action ended any question of establishing present title so as to obtain a writ of possession, and any question of mesne profits after the date of sale, but did not have any effect upon the original action for mesne profits before the date of sale which she had joined in her original action in ejectment. The petition was not subject to general demurrer on this ground.

■ The petition as finally amended fully and adequately describes the property as "beginning at a point on the west side of Findley Street 87 feet 9 inches south of the southwest corner of Reese and Findley Streets," and proceeding thence to points in stated directions a given number of feet, or else proceeding in a given direction along a stated line (such as "the north line of the Old Swann Place") to a given point (such as "to the corner of Chas. Hix property") and thence back to the beginning point. "If the instrument provides on its face a key by which the conveyed property can be identified, it is sufficient." *Holt v. Tate,*

193 *Ga.* 256 (4) (18 S. E. 2d 12). We are not here concerned with whether or not the deed under which the plaintiff claims contains a description which is legally sufficient, since no deed in plaintiff's chain of title is pleaded, but only with whether the description of the property as alleged, when further amplified by the amendments, constitutes a sufficient description. The property having been sufficiently identified by these allegations, it was error to sustain special demurrer 2 raising this issue.

■ The plaintiff by amendment attached to the petition the deeds forming the defendant's chain of title, which had the effect of showing that the defendant is a tenant in common with his wife of property which under the plaintiff's allegations joins the property formerly owned by the plaintiff on part of her northern and western boundaries. The special demurrers to these allegations are that defendant's chain of title is irrelevant to any issue in the case, and that the petition affirmatively shows the property in dispute to be in the joint possession of the defendant and his wife and that this constitutes a nonjoinder of a necessary party. The question of nonjoinder is without merit because the defendant has disclaimed possession of any land belonging to the plaintiff and the plaintiff has not alleged that any land claimed by her is occupied by both the defendant and his wife as tenants in common (begging the question of whether, if the situation were different, one of several tenants in common might not be named as a sole defendant if the plaintiff desired to do so). As to the plaintiff setting forth the defendant's chain of title, the procedure is unusual and perhaps unnecessary, but since the plaintiff's own description shows that two lines of her land constitute boundary lines between herself and the defendant, and since she describes her property along these lines merely as going to the property line of the defendant, it is not irrelevant for her to allege further the more precise location of the lot on which she says that her own property abuts, thus showing with greater certainty the location of her own land line. This being so, it was also error to overrule special demurrers 4 and 5.

The trial court erred in sustaining the demurrers to the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*