37791. PEOPLES LOAN & FINANCE CORPORATION
OF ROME *v.* McBURNETTE.

DECIDED JULY 16, 1959.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* for plaintiff in error.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* contra.

TOWNSEND, Judge. ■ Where after demurrers are sustained, with leave to amend and an amendment is filed pursuant to

such order, the questions raised by the demurrer prior to amendment become extinct and nugatory and are not a subject of review by this court. Code (Ann.) § 81-1001; *McCormick* v. *Johnson,* 213 *Ga.* 544 (100 S. E. 2d 195); *Adams* v. *Ricks,* 91 *Ga. App.* 494 (1b) (86 S. E. 2d 329). *Jackson* v. *Jackson,* 214 *Ga.* 619 (106 S. E. 2d 783), apparently holding to the contrary, may be distinguished on the ground that in the *McCormick* case, as here, the original demurrers were not renewed, and on the further ground that the rulings on special demurrer in the *Jackson* case did in fact constitute a final judgment as to an essential element of the cause of action, whereas here, as in the *McCormick* case, the special demurrers were on technical grounds and the plaintiff amended so as to set out the same matter in a manner which would meet the objections of the demurrer. If, however, the cases are in conflict in spite of these distinctions, then the *McCormick* case, being older, would be controlling. It follows that only the judge's final order, based on the general demurrer to the petition as finally amended, will be considered here.

■ While ordinarily a properly recorded conditional-sale contract or bill of sale to secure debt securing title in the vendor or lender until the debt is paid places in the lender legal title to the property paramount to the title of a purchaser from the owner of the remaining equity, it is nevertheless a good defense to a trover action brought by the owner of the security instrument against a bona fide purchaser for value of the property that the plaintiff agreed to a resale and agreed, in that event, to substitute the fund realized from the sale of the property in place of the security. In such case the purchaser takes free and clear of the lien of the security instrument. *National City Bank* v. *Adams,* 30 *Ga. App.* 219 (3) (117 S. E. 285); *Ezzard* v. *Frick & Co.,* 76 *Ga.* 512 (3); 47 Am. Jur. 57, Sales, § 863; *Automobile Financing, Inc.* v. *Downing Motors,* 95 *Ga. App.* 711 (98 S. E. 2d 643). The bill of sale to secure debt here permitted the debtor Harwell, an automobile dealer, to sell the vehicle and provided that in such event the proceeds of the sale would become impressed with a trust in favor of the plaintiff. As to a bona fide purchaser of the property, accordingly, by

agreement of the parties the sale would divest the plaintiff's security title.

■ It is contended, however, that Minish was not a bona fide purchaser because the consideration passing from him to Harwell, being the payment of a gambling debt, is void as against public policy under Code § 20-504, and that for this reason the defendant McBurnette, although a purchaser for value and without notice of any defect, cannot obtain good title to the vehicle as against the plaintiff. It does not follow that, simply because neither Harwell nor Minish acted within the terms of the bill of sale to secure debt in such manner as to divest the lien as to Minish, McBurnette, who was entirely without knowledge of this fact, did not take the property free and clear of the encumbrance. Code § 96-207 provides: "Where an owner has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of disposing of his property, a sale to an innocent purchaser divests the true owner's title." Under such circumstances, the owner may still prosecute an action for conversion against all except a third party who is a purchaser for value and without notice. Code § 96-208; *Hogg* v. *Simmons,* 94 *Ga. App.* 83 (93 S. E. 2d 779). McBurnette, who purchased from Minish without notice that Harwell, an automobile dealer, had not sold the automobile to Minish in the regular course of business, and under circumstances which gave Harwell the apparent authority to transfer title to Minish and thereby divest the property of the lien, is in the same position as though he had purchased in like manner direct from Harwell. As to him no conversion is shown and no cause of action is set out. This case differs from *Northern Finance Corp.* v. *Hollingsworth,* 52 *Ga. App.* 337 (2) (183 S. E. 73) in that there "the petition showed only that the defendant was in possession, and failed to show that he had acquired an adverse interest in good faith and without notice." The petition here affirmatively shows that McBurnette was a purchaser for value under circumstances where, in the absence of actual notice on his part, he would be protected, and it alleges no facts from

which an inference could be drawn that this defendant had notice of any irregularity in the transaction between Harwell and Minish. The trial court accordingly did not err in sustaining the general demurrer of McBurnette to the petition as amended.

■ From what has been said above it is apparent that any cause of action which was attempted to be alleged against Minish and McBurnette was not joint but joint and several. See *Billiter* v. *Ledbetter-Johnson Contractors*, 60 *Ga. App.* 1 (1) (2 S. E. 2d 677). The motion to dismiss the bill of exceptions in this court based on the proposition that the judgment is not final because the case is still pending in the trial court as to the co-defendant Minish must be denied. *Millers Nat. Ins. Co.* v. *Hatcher*, 194 *Ga.* 449 (1) (22 S. E. 2d 99); *Moore* v. *Harrison*, 202 *Ga.* 814 (1) (44 S. E. 2d 551).

The trial court did not err in sustaining the general demurrer of the defendant McBurnette and dismissing the petition as to him.

*Judgment affirmed.* *Gardner, P.J., and Carlisle, J., concur.*