40731. ROCHESTER CAPITAL LEASING CORPORATION
v. CHRISTIAN.

DECIDED MAY 18, 1964—REHEARING DENIED JUNE 15, 1964.

*Lipshutz, Macey, Zusmann & Sikes, John H. David, Jr., L. D. Skaggs,* for plaintiff in error.

*Erwin, Birchmore & Epting, Howell C. Erwin, Jr.,* contra.

HALL, Judge. ■ The defendant filed a motion to dismiss the writ of error on the ground that more than thirty days had elapsed between the date of the judgment complained of and the date on which the bill of exceptions was tendered to the trial court.

On January 9, 1964, the trial court entered an order stating "After hearing argument of counsel, the within demurrer is sustained. The plaintiff is granted through February 10, 1964, to amend to meet said demurrer, in default whereof the petition shall stand dismissed." No amendment was made to the petition within the period of time allowed by the court. On March 4, 1964, the plaintiff moved for a final order under *Code Ann.* § 81-1001 (Ga. L. 1952, pp. 243, 245), i.e., that the trial court render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for the amendment. The trial court overruled the motion citing *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32). On March 9, 1964, the plaintiff tendered his bill of exceptions to the trial court complaining of the order of January 9, 1964.

*Code Ann.* § 81-1001 was amended in 1952 to provide that "Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment . . ." This amendment has been followed by both this court and the Supreme Court. *Myers v. Grant,* 212 Ga. 182 (91 SE2d 335); *Jacoby v. Jacoby,* 212 Ga. 295 (92 SE2d 7); *King v. Bennett,* 216 Ga. 124 (114 SE2d 879); *Mid-State Homes Inv. Corp. v. Wiggins,* 217 Ga. 372 (122 SE2d 106); *Stuart v. Berry,* 218 Ga. 361, 363 (127 SE2d 912); *Weinstein v. Rothberg,* 87 Ga. App. 94 (73 SE2d 106); *Barron v. Foster,* 87 Ga. App. 119 (73 SE2d 102); *Sutton v. Wilson,* 87 Ga. App. 398 (74 SE2d 15); *Thornton v. Courvoisier,* 90 Ga. App. 26 (81 SE2d 842); *Kirk v. Shaffer,* 91 Ga. App. 358 (85 SE2d 629); *Shirley Cloak &c. Co. v. Arnold,* 92 Ga. App. 885, 889 (90 SE2d 622); *Rossiter v. Pitt,* 93 Ga. App. 44 (90 SE2d 597); *Godwin v. Hudson,* 93 Ga. App. 858 (93 SE2d 379); *Butler v. Jackson,* 94 Ga. App. 632 (95 SE2d 761); *Blackstock v. Fisher,* 95 Ga. App. 117 (97 SE2d 322); *Atlanta Newspapers, Inc. v. McLendon,* 95 Ga. App. 601 (98 SE2d 195); *Glasser v. Decatur Lumber &c. Co.,* 95 Ga. App. 665, 666 (99 SE2d 330); *Motels, Inc. v. Shadrick,* 96 Ga. App. 464 (100 SE2d 592); *Brydie v. Pritchard,* 97 Ga. App. 1, 2 (101 SE2d 915);

*Peoples Loan &c. Corp. v. McBurnette,* 100 Ga. App. 4 (110 SE2d 32) ; *Lumbermen's Underwriting Alliance v. Jessup,* 100 Ga. App. 518, 532 (112 SE2d 337) ; *Rich's, Inc. v. Denmon,* 100 Ga. App. 694 (112 SE2d 234) ; *Bowdoin v. Kingloff,* 102 Ga. App. 783 (118 SE2d 197) ; *Altahama Electric Membership Corp. v. Irvin,* 105 Ga. App. 825 (125 SE2d 786) ; and other cases cited in the above cases.

In *Northside Manor, Inc. v. Vann,* 219 Ga. 298, supra, the Supreme Court held the 1952 amendment to be void for the reason that it was in violation of the separation of powers provision of the Georgia Constitution (*Code Ann.* § 2-123). In response to the mandate of the Supreme Court the above cited cases of this court are no longer of force and effect.

The result of the *Northside Manor, Inc.* decision, supra, is to restore the law on this question to its status prior to the Act of 1952. The petition in this case remained pending through February 10, 1964, the effective date of the automatic dismissal. The "plaintiff had 30 days from that date in which to present a final bill of exceptions *complaining of such dismissal."* *Luke v. Ellis,* 201 Ga. 482 (3) (40 SE2d 85) ; *Peyton v. Rylee,* 191 Ga. 40 (11 SE2d 195).

The motion to dismiss the writ of error is denied.

■ The trial court did not err in sustaining the demurrer and dismissing the petition, for the reason that neither the petition nor the contract shows that the supplier has filled the order or that the equipment has been delivered to the defendant, or to the plaintiff, nor is any reason excusing performance alleged. "In order for the plaintiff to recover any damages it was necessary that the petition show performance of the contract by the plaintiff . . . or that performance on his part was for valid reason excused . . ." *Jones v. Central Builders Supply Co.,* 217 Ga. 190, 195 (121 SE2d 633) ; *Bruce v. Crews,* 39 Ga. 544, 549 (99 AD 467) ; *Pusey & Co. v. McElveen Commission Co.,* 93 Ga. 773 (21 SE 150) ; *Bennett v. Burkhalter,* 128 Ga. 154 (57 SE 231) ; *Herrington v. Jones,* 132 Ga. 209 (63 SE 832) ; *Dolan v. Lifsey,* 19 Ga. App. 518, 519 (91 SE 913) ; *Daniel v. Dalton News Co.,* 48 Ga. App. 772, 773 (173 SE 727) ; *Cleveland v. Schwaemmle,* 96 Ga. App. 724, 726 (101 SE2d 611).

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*