41265.   ECHOLS v. TIME MOTOR SALES, INC.

Argued April 6, 1965—Decided April 13, 1965.

*Bartholomew & White, James A. White, Jr.,* for plaintiff in error.

*Robert Carpenter, A. Tate Conyers,* contra.

EBERHARDT, Judge. ■ The January 4 order sustaining the demurrer, though granting leave to amend within 15 days, did not carry a self-executing provision; that is to say, it did not provide that in default of an amendment within the time allowed the petition should stand dismissed. Absent that provision the petition did not stand automatically dismissed upon expiration of the time allowed, no amendment having been offered. A second order was necessary to effect the dismissal. *Luke v. Ellis,* 201 Ga. 482 (1) (40 SE2d 85). Since this was true, the order sustaining the demurrer was not a final judgment from which a writ of error would lie. But there was a final judgment when the petition was dismissed, and a bill of exceptions tendered within 30 days from the date of the order dismissing came within the time required by *Code Ann.* § 6-902. A different conclusion does not follow because of *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32), though it would have done so if the first order had carried a self-executing provision. See *Rochester &c. Leasing Corp. v. Christian,* 109 Ga. App. 818, 821 (137 SE2d 518). The motion to dismiss is accordingly denied.

■ The Act of 1952 amending *Code Ann.* § 81-1001 required that the court enter a second order or judgment on the sufficiency of the pleading after expiration of the time allowed for amendment and that the second judgment should supersede the first. Then an assignment of error as to the second order or judgment was sufficient to obtain a review of the first, which, by the Act of 1952, was superseded by and became merged into the second.

But since *Northside Manor,* holding the Act of 1952 unconstitutional, a different situation obtains. It is true that the first order, sustaining a general demurrer to the petition, was not reviewable until the second order was entered dismissing the petition. But upon the entry of the second order the first became reviewable. In order to obtain a review of it, though, error must

be assigned not only upon the final order dismissing the petition but, as well, upon the antecedent order sustaining the demurrer.

There being no assignment of error as to the first order, it stands as the law of the case and the only question presented by the bill of exceptions is whether there was error in the entering of the second order dismissing the petition. We find none. When plaintiff offered no amendment within the time allowed, the trial court properly dismissed the petition.

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*