45477. WOLVERINE INSURANCE COMPANY v. SORROUGH.

EBERHARDT, Judge. 1. (a) "The co-operation clause in a liability insurance policy is a material condition of liability, and a breach of it by one who is insured or who claims the benefit of

insurance under the policy relieves the insurer of any obligation to defend a damage action against the insured, which it is otherwise required to defend, or to pay any claim or judgment against him. A judgment creditor who sues on a policy indemnifying the insured against claims for damages stands in the shoes of the insured, and a breach of the co-operation clause by the insured relieves the insurer of any obligation to pay the judgment. Usually, whether there has been a breach of the co-operation clause is a fact question. The insurer has the burden of showing, prima facie, a violation of the agreement by the insured and that it has been diligent and acted in good faith in seeking to obtain the insured's co-operation. The breach, once prima facie shown, shifts the burden to him who seeks to enforce a claim under the policy to show justification or excuse therefor. The insurer is not required to anticipate or negate all excuses or reasons that might justify it. A breach of the clause is prima facie shown when it appears that counsel employed to defend on behalf of the insured made reasonable effort to obtain the insured's co-operation. If the asserted breach is the insured's failure to attend the trial of a case, a showing of reasonable effort to notify him of the time and place of the trial, as scheduled by the court, and a request for his attendance is sufficient. If the facts as stipulated, or as shown by evidence, demand a finding of breach of the clause by the insured, a verdict should be directed or judgment entered for the defendant, absent a counter-showing of justification for the breach." *H. Y. Akers & Sons, Inc. v. St. Louis Fire &c. Ins. Co.,* 120 Ga. App. 800 (1-5) (172 SE2d 355). See also *State Farm Mut. Auto. Ins. Co. v. Wendler,* 115 Ga. App. 452 (154 SE2d 772); *Sims T-V, Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41 (1) (131 SE2d 790).

(b) An additional insured under the policy is bound by its terms, including all provisions of the co-operation clause. *Ericson v. Hill,* 109 Ga. App. 759 (1b) (137 SE2d 374); *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309 (138 SE2d 433); *State Farm Mut. Auto. Ins. Co. v. Burden,* 115 Ga. App. 611 (155 SE2d 426). One who obtains a judgment against the insured and then seeks to enforce it against the insurer occupies a like status; he derives his rights under the policy through the in-

sured, as does an additional insured, and he is entitled to recover under the policy only if it appears that all conditions precedent have been complied with.

2. (a) But we have held in *H. Y. Akers & Sons, Inc. v. St. Louis Fire &c. Ins. Co.,* 120 Ga. App. 800, supra, that nevertheless the insurer must make a reasonable effort to obtain the insured's co-operation before it is fully relieved. In the instant case the insurance company experienced difficulty in obtaining any co-operation of the insured, and finally, in an effort to get it, sent him a registered letter, reciting the unsuccessful attempts to obtain his co-operation in the investigation of the collision, and requesting his assistance and co-operation in accordance with the terms of the policy. The letter further stated: "Please be advised that you should contact this office in person or by letter immediately upon receipt of this letter advising us as to where you might be located for the purpose of obtaining investigation information from you for, in the absence of your affording this co-operation and assistance, as is set forth as a condition of your insurance coverage with us, we shall have no alternative except to disclaim all coverage to you under the provisions of your policy carried with us for your failure to give us your co-operation and assistance in the investigation of this matter in your behalf." Cf. *State Farm Mut. Auto. Ins. Co. v. Burden,* 115 Ga. App. 611, 616, supra.

The insured received the letter, signed the return receipt for it, and thereafter by telephone made an appointment with the company's adjuster, agreeing to meet the adjuster at his office. He went to the adjuster's office, but the adjuster was out. He was asked to call back and make another appointment, but he did not. The adjuster tried to call the insured on the telephone at his home, but he was away at work. However, the insured's wife, who answered the telephone, told the adjuster where and for whom the insured was working. The adjuster tried to reach him on the telephone by calling the employer's office, but could not. He was told, however, when the insured would get off from work and where he was working. For some reason the insured and the adjuster simply never got together, and the company never got the desired details of the accident.

The insured testified that he lived at the same address for three or four years, then went out to Texas on a job. He admitted that he had experienced a drinking problem all along, but denied that he had ever hidden out or tried to evade the adjuster. When the damage suit was filed against him he was confined to the Clarke County jail.

We regard these facts as being sufficient to raise a factual issue as to whether the company had made a reasonable effort to get the insured's co-operation. *St. Paul Fire &c. Ins. Co. v. Gordon,* 116 Ga. App. 658 (158 SE2d 278); *National Surety Corp. v. Dunaway,* 100 Ga. App. 842 (6) (112 SE2d 331).

(b) One of the requirements of the policy is that written notice of the accident be given, containing "reasonably obtainable information respecting the time, place and circumstances of the accident and the names and addresses of the injured and any available witnesses, by or on behalf of the insured." While the insured did not give written notice of the accident, it appears that oral notice was given the company's agent, who passed it along to the company and that the company acted upon it by having its adjuster get in touch with the insured while he was confined to the hospital with injuries, when some information relative to the accident was obtained, and that the adjuster further followed up with efforts to effect an interview and obtain a full report. Thus it appears that the company had actual notice. *Interstate Life &c. Ins. Co. v. Wilson,* 52 Ga. App. 171, 178 (183 SE 672). And in acting upon the oral notice there was at least a jury question as to whether there was a waiver of the written notice requirement. *Assurance Co. of America v. Bell,* 108 Ga. App. 766 (1) (134 SE2d 540). But compare *Cooper v. Glens Falls Indem. Co.,* 93 Ga. App. 127 (91 SE2d 120).

3. Error is enumerated upon charges to the jury that, inter alia, if it should appear from the evidence that the insured did breach one or more of his obligations under the contract, such as the company's request to give written sworn statements, or the giving of written notice of the accident as soon thereafter as practicable and giving particulars sufficient to identify the insured and reasonably obtainable information respecting the time, place, and circumstances of the accident or occurrence,

with the names and addresses of the injured and any available witnesses, and in the event of suit against the insured, the immediate forwarding to the company of every demand, notice, summons or other process served upon the insured or his representative, but that if it should appear that from such a breach or such breaches no prejudice resulted to the rights of the company in defending the claim against the insured, the breach or breaches of his obligations by the insured should be disregarded.

It is the contention of appellant that the absence of prejudice is immaterial, the obligations of the insured being made conditions precedent by terms of the contract.

The policy provided that "with respect to coverages A and B (bodily injury and property damage), no action shall lie against the company unless *as a condition precedent* thereto, the insured or his legal representative shall have fully complied with all the terms of this policy." (Emphasis supplied.) Thus, the obligations of the insured, to which the court referred, are specifically and expressly made conditions precedent to the arising of any right of action against the company.

A condition precedent is one which must be performed before any right to be created thereby accrues. It requires performance by one party before performance by the other. *Winn v. Tabernacle Infirmary,* 135 Ga. 380, 383 (69 SE 557, 32 LRA (NS) 512); *Baker v. Smith,* 135 Ga. 628 (70 SE 239). "Conditions may be precedent or subsequent. In the former, the condition must be performed before the contract becomes absolute and obligatory upon the other party." *Code* § 20-110. " 'When a plaintiff's right to recover on a contract depends upon a condition precedent to be performed by him, he must allege and prove the performance of such condition precedent, or allege a sufficient legal excuse for its nonperformance.' *Griswold v. Scott,* 13 Ga. 210; *Life Ins. Co. of Va. v. Proctor,* 18 Ga. App. 517 (89 SE 1088); *Williams Valve Co. v. Amorous,* 19 Ga. App. 156 (91 SE 240); *Baker v. Tillman,* 84 Ga. 401 (11 SE 355); *Herrington v. Jones,* 132 Ga. 209 (63 SE 832)." *Daniel v. Dalton News Co.,* 48 Ga. App. 772, 773 (173 SE 727). Accord: *Mutual Benefit Health &c. Assn. v. Hulme,* 57 Ga. App. 876, 883 (197 SE 85), where it

was asserted that "It has been ruled that where performance of a condition precedent in an insurance contract is not shown, the [insurer], in the absence of a waiver of such requirement, 'would not be liable, *Unless, perhaps,* the circumstances following' the loss rendered it impossible for the condition to be complied with. . . *United Benevolent Society v. Freeman,* 111 Ga. 355, 356 (36 SE 764). In that case it was held that the facts offered as an excuse for not performing in the time required by the contract did not show that it was impossible for the insured to have complied with the condition precedent, and that it was unnecessary to decide whether impossibility of complying would be a sufficient excuse for a failure to do so. See also *Federal Life Ins. Co. v. Walton,* 34 Ga. App. 694 (2) (131 SE 90)." "[I]f it is impossible to give the required notice, failure to do so will not bar recovery, if notice is given within a reasonable time after the impossibility has passed." 8 Appleman on Insurance, p. 66, § 4741. "Generally [co-operation clauses] have been regarded as conditions precedent, so that no rights would accrue under the policy until they were satisfied." Id., p. 100, § 4771. And see 6 Blashfield Cyclopedia, Part 2, p. 70, § 4059. The rule is otherwise when the contract or policy does not make performance of the obligation a condition precedent. *North American Acc. Ins. Co. v. Watson,* 6 Ga. App. 193 (64 SE 693).

The jury was instructed that if it should find that the insured failed to perform, they should further find from the evidence that there was justification for the insured's failure, the breach or breaches would be excused. There was no exception to that portion of the charge. The exception is as to the matter of prejudice resulting from nonperformance.

Does it matter whether the failure of the insured to perform a condition precedent may not have prejudiced the company? We conclude that it does not, and for that reason it was error so to charge. In the first place, it is generally difficult, if not impossible, to determine whether the company may have been prejudiced. How does the company, the court or the jury know what the insured might have included in a written sworn statement of the matter? How can it be determined as to what particulars of the accident he might have given, or whose names he might

have listed as witnesses, or what leads for investigation might have been given, or what the investigation might have developed? Moreover, "The rule established by the great weight of authority is that where, as in the policy involved in this case, notice of the accident and forwarding of any demand, notice, summons or other process are specifically made a condition precedent to any action against the insurer, the failure to give a reasonably timely notice of the accident or of the receipt of any demand, notice, summons or other process will release the insurer from the obligations imposed by the contract, *although no prejudice may have resulted.* Sears, Roebuck & Co. v. Hartford Accident &c. Co., 50 Wash. 2d 443 (313 P2d 347)); State Farm Mut. Auto. Ins. Co. v. Cassinelli, 67 Nev. 227 (216 P2d 606, 18 ALR2d 431); Houran v. Preferred Acc. Ins. Co. of N. Y., 109 Vt. 258 (195 A 253); Whittle v. Associated Ind. Corp., 130 N. J. L. 576 (33 A2d 866); State Farm Mut. Auto. Ins. Co. v. Arghyris, 189 Va. 913 (55 SE2d 16); Courtney v. Stapp, 232 Miss. 752 (100 S2d 606); Northwestern Mut. Ins. Co. v. Independence Mut. Ins. Co., (Mo. App.) 319 S. W. 2d 898; Malloy v. Head, 90 N. H. 58 (4 A2d 875, 123 ALR 941); M. F. A. Mut. Ins. Co. v. Mullin, (DC) 156 FSupp. 445; Standard Acc. Ins. Co. v. Turgeon, (1 Cir.) 140 F2d 94." (Emphasis supplied.) American Fire & Cas. Co. v. Tankersley, 270 Ala. 126, 130 (116 S2d 579). "The inquiry into whether the [insurer] was prejudiced by the delay [in giving the written notice] is irrelevant 'for if the giving of notice was a condition precedent to the right of recovery, the failure to give it prevented any liability from attaching.' Phoenix Cotton Oil Co. v. Royal Indemnity Co. [140 Tenn. 438 (205 SW 128)]." Sohm v. U. S. F. & G. Co. (6 Cir.) 352 F2d 65, 69. "We cannot ignore the intent of these contract clauses, especially where the language is unambiguously clear." U. S. Fire Ins. Co. v. Watts, (5 Cir.) 370 F2d 405, 410. Another clear holding that whether the insurer was prejudiced is immaterial to the issue is found in Alabama Farm Bureau Mut. Cas. Ins. Co. v. Mills, 271 Ala. 192 (123 S2d 138). And this court held the requirement of cooperation to be a condition precedent, obviating any necessity for showing prejudice resulting from a breach thereof in *Ballew v. State Farm Mut. Auto. Ins. Co.,* 122 Ga. App. 417.

We are committed to the proposition that the notice and co-operation clauses, when made conditions precedent by the terms of the policy are valid as such and must be complied with, absent a showing of justification by the insured. *Cooper v. Glens Falls Indem. Co.,* 93 Ga. App. 127, 128, supra; *Employees Assur. Soc. v. Bush,* 105 Ga. App. 190, 194 (123 SE2d 908); *Sims T. V., Inc. v. Fireman's Fund Ins. Co.,* 108 Ga. App. 41 (1), supra; *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 311, supra; *Hardware Mut. Cas. Co. v. Scott,* 116 Ga. App. 637 (158 SE2d 275); *H. Y. Akers & Sons, Inc. v. St. Louis Fire &c. Ins. Co.,* 120 Ga. App. 800, supra.

For these reasons, the charge was error and a new trial must be granted.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*
Argued July 8, 1970—Decided October 2, 1970.

*Erwin, Epting, Gibson & Chilivis, Eugene A. Epting,* for appellant.

*Scott & Alexander, Guy B. Scott, Jr.,* for appellee.