## 55733. DILLARD v. ALLSTATE INSURANCE COMPANY.

WEBB, Judge.

Dillard filed suit against Allstate on April 1, 1977, contending that he was entitled to insurance coverage in the amount of $4,000 "as the result of an automobile collision." The complaint did not specify when the alleged collision took place nor give any other details. Allstate answered and served interrogatories to obtain information concerning the collision, a description of Dillard's injuries and a statement of his medical expenses. Shortly thereafter it filed a motion for summary judgment and an affidavit showing that it had received no notice of the incident which allegedly occurred on March 16, 1972 until December 22, 1972; that no details other than the date and a location somewhere on North Avenue in Atlanta were given; that no written proof of claim was received until September, 1975; and that Allstate upon receipt of the notice immediately disclaimed liability and reserved its rights to investigate the claim without waiving any policy defenses.

The conditions of the insurance policy that are pertinent in this appeal are: "Condition 2. Notice ... In the event of accident, occurrence or loss, written notice *containing all particulars* shall be given by or for the insured to Allstate as soon as practicable. . ." (Emphasis supplied.)

"7. Proof of Claim and Medical Reports. Under Sections II and III, as soon as practicable, *the injured person, or someone on his behalf, shall give to Allstate written proof of claim,* and shall after each request from Allstate execute authorizations to obtain medical reports and copies of records. . ." (Emphasis supplied.)

Dillard did not file timely answers to interrogatories and a motion to dismiss was filed. On October 28, 1977, both the motion for summary judgment and motion to dismiss were heard, Dillard was ordered to answer the interrogatories by the end of business on that date, and to pay attorney fees of $150. The trial court reserved ruling in order to allow Dillard to complete the record by adding the record from a prior case filed on April 18, 1974, which

involved the same parties and the same issues.

The record here, as thus completed, reveals that the "collision" alleged in the complaint involved an incident when Dillard ran off the road to avoid another vehicle, the names of two witnesses (whose addresses were no longer available), that Allstate tried for over a year in the prior case to receive answers to interrogatories, and that an order compelling discovery was also obtained in the first case, which was voluntarily dismissed by Dillard when it was finally reached for trial after two years of litigation. It was also established that no medical bills were received by Allstate until 18 months following the incident and that Dillard never provided Allstate with proof of any kind that an accident occurred other than the fact that he was injured "as a result of an automobile collision." A second hearing was held after allowing Dillard additional time to perfect the record, and Allstate's motion for summary judgment was granted due to Dillard's failure to comply with Conditions 2 and 7 of the insurance policy.

1. Dillard insists that he was excused from giving the required notice "as soon as practicable" because he became totally incapacitated. The record, however, shows that at least several weeks transpired between the alleged accident and the alleged incapacity, and no explanation is made as to why notice was not given then, or later by some other party, as the policy specifically provides that notice may be given by someone on the insured's behalf.

"Under all of the facts and circumstances of a particular case it may be found that an insured's delay in giving notice of an accident to his insurer was unjustified and unreasonable. In such event, on a motion for summary judgment, the court may rule on the question as a matter of law. [Cits.]" *Richmond v. Ga. Farm Bureau Mut. Ins. Co.,* 140 Ga. App. 215, 220-21 (2) (231 SE2d 245) (1976). In *Richmond* this court held that eight months was too long as a matter of law, and this case also clearly illuminates the necessity of prompt notice "to enable an insurer to investigate promptly the facts surrounding the occurrence while they are still fresh and the witnesses are still available, to prepare for a defense of the action, and, in a proper case, to determine the feasibility of settlement of the claim. [Cits.]" Ibid. p. 221.

2. Dillard's assertion that the grant of attorney fees was improper because Allstate withdrew its claim in open court is unsupported by the record. The grant was authorized by Code Ann. § 81A-137 (a) (4) and was not erroneous for any reason contended.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED APRIL 6, 1978 — DECIDED APRIL 25, 1978.

*Fred A. Gilbert,* for appellant.

*Dennis, Corry, Webb, Carlock & Williams, Thomas S. Carlock, Wade K. Copeland,* for appellee.