# United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 97-2006

_____

Delroy R. Blaske,                          *
                                           *
            Plaintiff-Appellant,           *
                                           *  Appeal from the United States
       v.                                  *  District Court for the District
of                                         *
                                           *  Minnesota
UNUM Life Insurance                        *
Company of America,                        *
                                           *
            Defendant-Appellees.           *

_____

Submitted:  November 21, 1997
   Filed:  December 18, 1997

_____

Before BOWMAN, MURPHY, Circuit Judges, and CONMY[1], District Judge.

_____

CONMY, District Judge.

## I. Background

Mr. Blaske was insured by UNUM Life Insurance Company with a policy providing disability benefits.  He filed a notice and proof of claim for benefits in February of 1995.  The onset of the disability from a progressively disabling disease, primary sclerosing cholangitis/ Crohn's colitis, was stated by him to begin "10 / '90 or 1 / '91".

The policy language required the insured to give written notice within thirty days of the date the disability starts.  It further provides that proof of claim must be given, at the latest, twenty one months after the onset of the disability.  A final requirement is that legal action cannot

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota, sitting by designation.

be maintained after three years from the date that proof of claim is required.

UNUM denied the claim in March of 1995, citing that Mr. Blaske had failed to follow the notice and proof of claim provision in the policy. After an exchange of correspondence, UNUM informed Mr. Blaske that the decision to deny benefits was its final decision. This action was filed in state court on October 15, 1995, and removed by UNUM to federal court based on federal question jurisdiction: Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. 28 U.S.C. § 1331; 29 U.S.C. § 1132(e)(1).

The District Court[2] granted summary judgment to UNUM on both the issue involving the late filing of the notice and proof of claim, and also on the three year "limitations" period in the policy. The District Court determined that Mr. Blaske had not come forward with evidence to create a genuine factual dispute as to whether the onset of his disability began any later than January 1, 1991; thus, proof of claim was required to be filed, at the latest, on or before September 28, 1992, and the limitations period set out in the policy required suit to be started before September 28, 1995.

## II. Standard of Review

This Court reviews *de novo* a district court's grant of summary judgment, to determine whether the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Donaho v. FMC Corp., 74 F.3d 894, 897-897 (8th Cir. 1996).

## III. Discussion

ERISA is silent as to the import of disability insurance policy requirements of notice and proof of claim. When there is no federal statutory law to apply in ERISA litigation, the court should look to "federal common law" as a source for interpretation. Reid, 17 F.3d

---

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

1092, 1098 (8th Cir. 1994).  Counsel for Mr. Blaske urges that this Court adopt as a requirement of federal

common law that UNUM be required to show that the late filing of the proof of claim resulted in prejudice to the insurance company. While at least one district has incorporated this provision into its determination of federal common law, the Eighth Circuit has not had occasion to make a determination on this issue. <u>See</u>, <u>Cisneros v. UNUM Life Ins. Co. of America</u>, 115 F.3d 669 (9th Cir. 1997). Counsel would then seek to "boot strap" Mr. Blaske into compliance with the three year limitation period by incorporating the prejudice requirement into the time period reserved for filing the proof of claim.

We do not find it necessary to reach the question involving prejudice. ERISA contemplates reference to the most analogous state-law statute of limitations in an action to recover plan benefits. <u>Adamson v. Armco, Inc.</u>, 44 F.3d 650, 652 (8th Cir. 1995), *cert. denied*, 64 U.S.L.W. 3230 (U.S. Oct. 2, 1995) (No. 94-2105). Minnesota has a three year statute applicable to an action such as this, and the District Court found the limitations period in the policy to be reasonable. Minn. Stat. § 62A.04, Subd. 2(11). Such a determination is clearly permissible. If Mr. Blaske was entitled to benefits after the expiration of the one hundred eighty day exclusion period, his right to such benefits vested on September 28, 1992, and a three year statute would require suit by September 28, 1995. The policy is more liberal than the Minnesota Statute.

We find that the District Court correctly determined that no question of fact existed as to the time of the onset of Mr. Blaske's disability, which arose on or before January 1, 1991. We affirm the decision of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4