Lisa L. CLARKE, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA, Defendant.

No. Civ.A. CV197–72.

United States District Court,
S.D. Georgia,
Augusta Division.

March 3, 1998.

Calvin E. Chance, Jr., Augusta, GA, for plaintiff.

Michael J. Hannan, III, Love & Willingham, LLP, Atlanta, GA, for defendant.

## ORDER

ALAIMO, District Judge.

Plaintiff, Lisa L. Clarke ("Clarke"), brings this action to recover benefits allegedly owed under a disability insurance policy administered by Defendant, Unum Life Insurance Company of America ("Unum"). Presently, Unum has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's Motion for Summary Judgment will be **DENIED IN PART** and **GRANTED IN PART**.

## FACTS

Clarke, a thirty-six year old attorney, began exhibiting bizarre behavior in June 1994. She vacillated between periods of severe depression, in which she was unable to leave her home, and periods of mania, where she was unable to stop moving and would go for days without sleeping. This condition, diagnosed as bipolar affective disorder,[1] affected her judgment and ability to manage her affairs. She was forced to stop practicing law. Clarke was hospitalized for her condition from June until August 1994. Since that

---

1. Bipolar affective disorder is a mental disorder also known as manic depressive illness. (Rausch

Aff. ¶ 9).

time, Clarke has been seeing Dr. Jeffery Rausch ("Rausch"), who monitors her disorder on an out-patient basis. Clarke now is able to function normally, controlling her condition with various drugs.

On October 29, 1996, Clarke filed a claim under the disability insurance policy purchased from Unum by her former law firm. The insurance policy was an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Clarke was covered by the policy as a former partner in the law firm.

Unum rejected Clarke's claim as untimely. The insurance policy contains the following language regarding notice and proof of loss:

Notice

 a. Written notice of claim must be given to the Company within 30 days of the date the disability starts, if that is possible. If that is not possible, the Company must be notified as soon as it is reasonably possible to do so.

 b. When the Company has the written notice of claim, the Company will send the insured its claim forms. If the forms are not received within 15 days after written notice of claim is sent, the insured can send the Company written proof of claim without waiting for the form.

2. Proof

 a. Proof of claim must be given to the Company. This must be done no later than 90 days after the end of the elimination period.

 b. If it is not possible to give proof within these time limits, it must be given as soon as reasonably possible. But proof of claim may not be given later than one year after the time proof is otherwise required.

The elimination period is defined as a period of consecutive days of disability for which no benefit is payable. Under this policy, the elimination period begins on the first date of disability and runs for ninety days thereafter.

---

**2.** Plaintiff argues that the language of the policy is ambiguous and that under her reading of the policy, she provided Unum with timely notice. (Pl.'s Mem.Resp.Summ.J. at 6). This argument

## DISCUSSION

### I. *Summary Judgment*

Unum has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment requires the movant to establish the absence of genuine issues of material fact, such that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Lordmann Enter., Inc. v. Equicor, Inc.*, 32 F.3d 1529, 1532 (11th Cir.1994), *cert. denied*, 516 U.S. 930, 116 S.Ct. 335, 133 L.Ed.2d 234 (1995). After the movant meets this burden, "the non-moving party must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Co.*, 32 F.3d 520, 524 (11th Cir.1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The non-moving party to a summary judgment motion need make this showing only after the moving party has satisfied its burden. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

The Court should consider the pleadings, depositions, and affidavits in the case before reaching its decision, Fed.R.Civ.P. 56(c), and all reasonable inferences will be made in favor of the non-movant. *Griesel v. Hamlin*, 963 F.2d 338, 341 (11th Cir.1992). Additionally, a "court need not permit a case to go to a jury ... when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible'." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir.1996).

### II. *Timely Notice of the Claim*

■ Defendant contends that Plaintiff failed to provide notice of her condition in accordance with the terms of the insurance policy and in a timely manner. Defendant argues that the policy requires that notice and proof of claim be submitted no later than one year and 180 days after the date the disability began.[2] (Def.'s Mem.Supp. Summ.J. at 3). Under these facts, Defendant contends that Clarke should have made

---

is not persuasive. The Ninth Circuit addressed the same clause of an Unum insurance policy in *Cisneros v. UNUM Life Ins. Co. of America,* and found the clause unambiguous. 134 F.3d 939,

her claim by December 28, 1995. (*Id.* at 4). Plaintiff, however, did not file her claim until October 29, 1996. She contends that her mental illness prevented her both from comprehending that she was disabled and from making a timely claim.

■ Under Georgia law, insurance is a matter of contract and all parties are bound by the terms of the insurance policy. *Richmond v. Farm Bureau Mut. Ins. Co.*, 140 Ga.App. 215, 221, 231 S.E.2d 245, 249–50 (1976). When a dispute arises between the insurer and the insured, the policy should be construed liberally in favor of the insured.[3] *North Am. Ins. Co. v. Watson*, 6 Ga.App. 193, 195, 64 S.E. 693 (1909). Nearly every insurance policy contains a notice provision, which "is to enable the insurer to inform itself promptly concerning the accident, so that it may investigate the circumstances, prepare for a defense, if necessary, or be advised whether it is prudent to settle any claim arising therefrom." *Southeastern Express Sys. Inc. v. Southern Guar. Ins. Co.*, 224 Ga.App. 697, 701, 482 S.E.2d 433, 436 (1997) (quoting *Public Nat'l Ins. Co. v. Wheat*, 100 Ga.App. 695, 698, 112 S.E.2d 194 (1959)).

■ Timely notice is considered a "condition precedent to the insurer's duty to defend or pay." *Equitable Life Assurance Soc'y of the United States v. Studenic*, 77 F.3d 412, 415 (11th Cir.1996) (quoting *Insurance Co. of N. Am. v. Waldroup*, 462 F.Supp. 161, 162 (M.D.Ga.1978)). *See also Wolverine Ins. Co. v. Sorrough*, 122 Ga.App. 556, 560, 177 S.E.2d 819, 822 (1970); *Cisneros v. UNUM Life Ins. Co. of America*, 134 F.3d 939, 943 (9th Cir.1998) (holding that the language of the Unum insurance policy imposed notice as a condition precedent to the insured's recovery). The insured must comply with the notice requirements contained in the policy, absent a sufficient legal justification for the delay.[4] *Richmond*, 140 Ga.App. at 222, 231 S.E.2d at 250; *Sorrough*, 122 Ga. App. at 561, 177 S.E.2d at 822. The excuse must have "rendered it impossible for the condition to be complied with." *Sorrough*, 122 Ga.App. at 561, 177 S.E.2d at 822 (citing *United Benevolent Soc'y v. Freeman*, 111 Ga. 355, 356, 36 S.E. 764 (1900)). *See also Metropolitan Life Ins. Co. v. Jackson*, 79 Ga. App. 263, 53 S.E.2d 378 (1949); *Watson*, 6 Ga.App. at 195, 64 S.E. 693. If the insured gives the required notice within a reasonable time after the impossibility ceased, then sufficient notice is given. *Dillard v. Allstate Ins. Co.*, 145 Ga.App. 755, 756, 245 S.E.2d 30, 31 (1978); *Erber v. Insurance Co. of N. Am.*, 134 Ga.App. 632, 633, 215 S.E.2d 528, 530 (1975); *Sorrough*, 122 Ga.App. at 561, 177 S.E.2d at 822 (citing 8 Appleman, *Insurance* § 4741); *Watson*, 6 Ga.App. at 196, 64 S.E. 693; Annotation, *Disability Insurance or Provision: Clause Requiring Notice of Claim within Specified Time or as Soon as Reasonably Possible, or the Like*, 17 A.L.R.3d 530, 554 (1968).

■ The delay of the insured to provide notice is evaluated under the circumstances to determine if it was justified and reasonable. *Studenic*, 77 F.3d at 415; *Lumbermens Mut. Cas. Co. v. Plantation Pipeline Co.*, 214 Ga.App. 23, 25, 447 S.E.2d 89, 91 (1994). Generally, it is a question of fact reserved for the trier of fact. *Studenic*, 77 F.3d at 415; *Canadyne–Georgia Corp. v. Continental Ins. Co.*, 999 F.2d 1547, 1557 (11th Cir.1993); *Erber*, 134 Ga.App. at 633, 215 S.E.2d at 530 (citing *Norfolk & Dedham Mutual Fire Ins. Co. v. Cumbaa*, 128 Ga. App. 196(2), 196 S.E.2d 167 (1973)). However, in certain circumstances, the Court may conclude that a delay is unreasonable as a matter of law.[5] *Studenic*, 77 F.3d at 416; *Canadyne–Georgia Corp.*, 999 F.2d at 1557.

943 (9th Cir.1998). This Court is persuaded by the Ninth Circuit's reasoning, and finds that the language of the insurance policy is clear. Thus, Plaintiff's notice and proof of loss was untimely.

**3.** Furthermore, when courts are faced with gaps in an ERISA scheme, a liberal construction is applied in favor of the employee participants. *Sirkin v. Phillips Colleges, Inc.*, 779 F.Supp. 751, 754 (D.N.J.1991).

**4.** Georgia law does not appear to impose a requirement on the insurer to show that it suffered any prejudice as a result of the delay. *Richmond*, 140 Ga.App. at 222, 231 S.E.2d at 250; *Sorrough*, 122 Ga.App. at 561, 177 S.E.2d at 822; *Canadyne–Georgia Corp. v. Continental Ins. Co.*, 999 F.2d 1547, 1557 (11th Cir.1993).

**5.** Courts have found unreasonable and unjustified delays in many instances. *See Studenic*, 77 F.3d at 416 (holding that insured's excuse that he did not know the injury was covered was unrea-

Several courts, including those in Georgia, have recognized that the "mental or physical incapacity of the insured to give notice is a valid excuse for not giving notice of claim within the period specified or required in a disability insurance policy or clause." 17 A.L.R.3d at 550–51. Courts have concluded that "[t]he insured is not bound to give notice of his disability when he is unable to do so by reason of the very disability insured against." *Seabra v. Puritan Life Ins. Co.*, 117 R.I. 488, 369 A.2d 652, 656 (R.I.1977). *See also Watson,* 6 Ga.App. at 196, 64 S.E. 693. Both the sufficiency of the excuse and the insured's subsequent diligence in giving notice are questions of fact. *Smith v. Southeastern Fidelity Ins. Co.*, 258 Ga. 15, 16, 365 S.E.2d 105, 107 (1988); *Watson,* 6 Ga.App. at 196, 64 S.E. 693; *Seabra,* 369 A.2d at 657 (R.I.1977).

The Georgia Court of Appeals addressed this issue in *North Am. Ins. Co. v. Watson,* 6 Ga.App. 193, 64 S.E. 693 (1909). The court found that:

> [w]here the insured is suddenly stricken with some disease of the brain which renders him unconscious and makes it impossible for him to give to the company, within the time stipulated, written notice of his sickness, this fact is legally sufficient to excuse him from compliance with this condition of the policy during the existence of such disability.

*Id.* at 196, 64 S.E. 693. The plaintiff in *Watson,* however, failed to establish that the sickness was responsible for the delay in giving notice, and the court found as a matter of law that the delay was unreasonable. *Id.* at 198, 64 S.E. 693.

Other courts have found that mental illness does provide a legal justification for untimely notice.[6] In *Seabra v. Puritan Life Ins. Co.*, the Supreme Court of Rhode Island found that mental incapacity can excuse an insured's failure to comply with the requirements of an insurance policy. 117 R.I. 488, 369 A.2d 652, 656 (1977). The court reasoned that

> [t]o require a person who is described by some as being 'insane' or 'mentally incompetent' to do something that his disability prevents him from doing places that person in what some would refer to as a 'catch–22' situation. Thus, it is that we agree with the proposition that it would be unreasonable to assume that an insane or mentally incompetent person could accurately assess the nature and degree of his ailment.

*Id.* (citing *Magill v. Travelers Ins. Co.*, 133 F.2d 709 (8th Cir.1943)). The court indicated that in order for the insured to have a sufficient excuse, the insured's mental condition must render him unable to comply with the policy requirements. *Id.* Examples of this

---

sonable); *Canadyne-Georgia Corp.*, 999 F.2d at 1557 (holding that an unexcused two year delay in a contamination case was unreasonable); *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 713, 352 S.E.2d 760, 761 (1987) (holding that ignorance of the policy was not a valid excuse).

On the other hand, Georgia courts have found a variety of justifications sufficient to excuse untimely notice. In cases where the injury was insignificant and a reasonably prudent person would not believe a claim was required, untimely notice was excused. *Guaranty Nat'l Ins. Co. v. Brock*, 222 Ga.App. 294, 295, 474 S.E.2d 46, 48 (1996); *Southern Guar. Ins. Co. v. Miller*, 183 Ga.App. 261, 262, 358 S.E.2d 611, 612 (1987). When the insured does not know that a specific event is covered by the insurance policy, a jury should consider if the delay was reasonable. *Weis v. International Ins. Co.*, 567 F.Supp. 631, 636 (N.D.Ga.1983); *Waldroup,* 462 F.Supp. at 163. In *Gregory v. Allstate Ins. Co.*, the Georgia Court of Appeals found that the jury should consider whether the delay was reasonable in an uninsured motorist case where the defendant was a nonresident and difficult to locate. 134

Ga.App. 461, 464, 214 S.E.2d 696, 698–99 (1975).

6. There are a few cases where plaintiffs that suffered from mental illnesses were not excused from the requirement of giving timely notice. These cases, though, are not analogous to the case at bar. For example, in *Reid v. Connecticut Gen. Life.Ins. Co.*, the court found that the plaintiff's delay was unreasonable. 17 F.3d 1092, 1099 (8th Cir.1994). The plaintiff, though, was aware of the policy and the fact that he had a claim under the policy. *Id.* Whereas in this case, Clarke did not comprehend that she had a disability, much less a claim. The Southern District of California also concluded that a plaintiff who had not been declared legally incompetent failed to provide a sufficient excuse for his failure to provide proper proof of loss. *Goomar v. Centennial Life.Ins. Co.*, 855 F.Supp. 319, 323 (S.D.Cal. 1994), *aff'd,* 76 F.3d 1059 (9th Cir.1996). However, the insurance policy in that case expressly provided an exception for those individuals who were declared legally incompetent, and the plaintiff was attempting to qualify for that exception. *Id.*

level of impairment are when the insured is incapable of knowing that he had a policy, does not comprehend the requirements of the policy, or is suffering from mental derangement. *Id.* In *Seabra*, the plaintiff was suffering from manic-depression, which caused him to exhibit bizarre behavior and to be hospitalized. His doctor indicated that he was unable to handle his own affairs. The court concluded sufficient evidence was presented for a jury to find that the plaintiff's mental condition excused his untimely insurance claim. *Id.* at 658. The District of New Jersey also has concluded that where an insured fails to meet a deadline imposed under the insurance policy because the insured lacks the mental capacity to know and understand the requirement, the deadline is tolled for a reasonable period of time. *Sirkin v. Phillips Colleges, Inc.,* 779 F.Supp. 751, 758 (D.N.J.1991).[7]

In this case, there is sufficient evidence to raise a question of fact as to whether Clarke's failure to provide timely notice was excused. Clarke was unable to assess accurately the nature and degree of her condition. (Rausch Aff. ¶ 12, 16; Clarke Dep. at 67). Dr. Rausch believes that Clarke was "not competent to recognize that she had been disabled, that she had disability insurance, and that she simply needed to complete a form to receive the benefits...." (Rausch Aff. ¶ 16). Clarke was unable to exercise appropriate judgment during this period, even to the point of failing to enlist others to assist her in managing her affairs. (*Id.* at ¶ 11; Clarke Dep. at 51). As a result of her poor judgment, Clarke lost nearly all of her belongings, including her home, her cars, and her boat. (Clarke Dep. at 33). The trier of fact may conclude that it was impossible for Clarke to have complied with the notice provision.

 Defendant also argues that Plaintiff should be barred from recovery because "someone else" could have filed a claim on her behalf.[8] (Def.'s Mem. Supp. Summ. J. at 5, 10). It is true that a third party could have filed her insurance claim, but the failure of a third party to file the claim alone will not bar the plaintiff's recovery. *See State Farm Mut. Auto. Ins. Co. v. Sloan,* 150 Ga.App. 464, 467, 258 S.E.2d 146, 148 (1979) (quoting *Stonewall Ins. Co. v. Farone,* 129 Ga.App. 471, 474, 199 S.E.2d 852 (1973)) (holding that notice provided by the insured's attorney was adequate); *Dillard,* 145 Ga.App. at 756, 245 S.E.2d at 30 (holding that notice could have been given when the insured was not incapacitated or by a third party). Additionally, the court in *Seabra* dealt with a similar argument and concluded that "[n]owhere does the policy suggest that the beneficiary must give notice if the insured is excused therefrom, and we will not imply such a requirement." 369 A.2d at 659.

 Defendant's argument, if true, would never allow a court to find that an insured had a legally sufficient excuse for untimely notice. In nearly every situation, there would be a third party who could have filed notice for the insured. This is not the state

---

7. Defendant contends that *Sirkin* is distinguishable because it deals with an insurance premium payment under the Consolidated Omnibus Budget Reconciliation Act of 1995 ("COBRA"). (Def.'s Reply Br. Supp. Summ. J. at 3) (citing *Branch v. G. Bernd Co.,* 955 F.2d 1574, 1580 n. 3 (11th Cir.1992)). The policy involved in *Sirkin,* however, was governed by both COBRA and ERISA. Defendant fails to indicate why a policy governed by COBRA would differ significantly from other policies. The Eleventh Circuit did not limit the holding of *Sirkin* only to COBRA claims; but instead, merely explained *Sirkin* in a footnote to highlight that the Eleventh Circuit was addressing a case of first impression. *Id.* Furthermore, the dispute in *Sirkin* involved the failure of the plaintiff to pay a premium in a timely manner, which was excused because of the plaintiff's mental condition. The failure to pay is a more serious breach of an insurance

policy than providing untimely notice of a claim. If the failure to pay was excused, then it is reasonable for the Court to conclude that untimely notice also would be excused.

8. Defendant argues that Clarke's law partners or family could have filed for disability insurance on her behalf. There is no evidence in the record that after Clarke left the firm in June 1994 she had any further contact with her partners. They may not have known the extent and nature of Clarke's disability. Defendant argues that since Clarke's father made claims under her health insurance during her treatment, he could have provided notice in a timely manner. The Court concludes that this evidence is insufficient to find as a matter of law that Clarke's late notice was unexcused. Furthermore, there is no evidence that Clarke's family was aware of the insurance policy. (Clarke Dep. at 47).

of the law in Georgia. The trier of fact must consider the facts and circumstances surrounding the insured's delay to determine if the delay was reasonable and justified. Upon review of this insurance policy, the Court finds no provision in the contract which imposes a duty on a third party to file the claim if the insured is unable to do so. In the absence of any express language in the contract or any other authority, the Court will not imply such a requirement.

### III. *Bad Faith Damages*

Plaintiff sought an award of damages under O.C.G.A. § 33–4–6 (1992) for the Defendant's bad faith in refusing to pay her claim. Defendant argues that such damages are not recoverable in this case because ERISA does not provide for such damages and preempts state law. (Def.'s Mem. Supp. Summ. J. at 11). ERISA authorizes beneficiaries to bring actions to enforce their rights under the plan, but does not provide for any extracontractual relief, such as punitive damages. *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96, 105 (1985); *Amos v. Blue Cross–Blue Shield,* 868 F.2d 430 (11th Cir.), *cert. denied,* 493 U.S. 855, 110 S.Ct. 158, 107 L.Ed.2d 116 (1989); *Bishop v. Osborn Transp., Inc.,* 838 F.2d 1173, 1174 (11th Cir.), *cert. denied,* 488 U.S. 832, 109 S.Ct. 90, 102 L.Ed.2d 66 (1988). Furthermore, ERISA remedies were intended to be exclusive and preempt state law remedies. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39, 52 (1987). If the beneficiary could seek state remedies, it would undermine Congress's intent in enacting ERISA. *Id.* Plaintiff concedes that Georgia bad faith damages are not recoverable in an action brought under ERISA. Accordingly, the Court finds that bad faith damages under O.C.G.A. § 33–4–6 are not recoverable as a matter of law.

### IV. *Attorney's Fees*

Plaintiff is seeking attorney's fees under 29 U.S.C. § 1132(g)(1) (1985), which provides in relevant part that: "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Defendant argues that Plaintiff is not entitled to attorney's fees as a matter of law.

Both parties agree that the Court should consider five factors when evaluating a claim for attorney's fees under ERISA. These factors are: (1) the degree of the opposing party's culpability or bad faith, (2) the ability of the opposing party to satisfy an award of attorney's fees, (3) whether an award of attorney's fees would deter other persons acting under similar circumstances, (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA, and (5) the relative merits of the parties' positions. *Freeman v. Continental Ins. Co.,* 996 F.2d 1116, 1119 (11th Cir.1993); *Boyer v. Metropolitan Life Ins. Co.,* 889 F.Supp. 496, 500 (S.D.Ga.1995). Not "one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address...." *Freeman,* 996 F.2d at 1119 (quoting *Plumbers and Steamfitters Local No. 150 Pension Fund v. Vertex Constr. Co.,* 932 F.2d 1443, 1452 (11th Cir. 1991)). In this case, it is undisputed that the second factor is met. Unum has the ability to satisfy an award of attorney's fees. The Court will discuss the remaining factors below.

Turning to the first factor, the defendant's bad faith and culpability, the Court finds that there is insufficient evidence of Defendant's bad faith. Plaintiff argues that Unum's strict denial of her claim without any investigation into her condition or reason for the untimely notice indicates bad faith. Bad faith usually is accompanied by the presence of fraud or deceit. *See Curry v. Contract Fabricators Inc. Profit Sharing Plan,* 891 F.2d 842, 849 (11th Cir.1990). Generally, courts will not find bad faith where the party had valid grounds on which to deny the claim. *Florence Nightingale Nursing Serv., Inc. v. Blue Cross,* 41 F.3d 1476, 1485 (11th Cir.), *cert. denied,* 514 U.S. 1128, 115 S.Ct. 2002, 131 L.Ed.2d 1003 (1995); *Freeman,* 996 F.2d at 1119. In this case, Defendant had a valid and legitimate ground on which to deny Plaintiff's claim: it was untimely. The insurance policy required notice within a given time period and Plaintiff failed to comply. Defendant's failure to

consider and investigate Plaintiff's proffered excuse does not constitute bad faith.

 The third factor the Court analyzes is whether an award of attorney's fees would deter other persons from acting under similar circumstances. An award of attorney's fees creates a strong deterrent effect by discouraging insurance providers from denying claims just to accept the risks of litigation. *Stvartak v. Eastman Kodak Co.,* 945 F.Supp. 1532, 1546 (M.D.Fla.1996); *Harrison v. Aetna Life Ins. Co.,* 925 F.Supp. 744, 758 (M.D.Fla.1996). Plaintiff argues that attorney's fees would deter others from denying untimely claims without investigating the reasons for the denial. The Court finds that such an award is effective in preventing the denial of similar claims. *See Harrison,* 925 F.Supp. at 758.

The fourth factor the Court considers is whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA. Even though this action was not brought to benefit all participants in the plan, this factor is satisfied. Plaintiff's case raises a unique issue in regard to the administration of ERISA plans: the legal sufficiency of mental illness as an excuse for untimely notice. Only a handful of courts have addressed this question. *Compare Reid v. Connecticut Gen. Life Ins. Co.* 17 F.3d 1092, 1099 (8th Cir. 1994), *and Goomar v. Centennial Life Ins. Co.,* 855 F.Supp. 319, 323 (S.D.Cal.1994), *with Sirkin,* 779 F.Supp. 751, *and Seabra,* 117 R.I. 488, 369 A.2d 652. In light of the fact that Plaintiff raises a significant question regarding ERISA administration, the Court finds that this factor weighs in favor of awarding attorney's fees.

Finally, the Court considers the relative merits of the parties' positions. In light of the fact that this Order denies in part Defendant's Motion for Summary Judgment, Plaintiff's claim is well-founded. *See Harrison v. United Mine Workers 1974 Benefit Plan & Trust,* 941 F.2d 1190, 1193 (11th Cir.1991) (denying an award of attorney's fees under 29 U.S.C. § 1132(g)(1) because the plaintiff's claim was frivolous). Courts consider the final resolution of the dispute when evaluating this factor. *Sabina v. American Gen. Life Ins. Co.,* 856 F.Supp. 651, 656 (S.D.Fla.

1992). It is premature to determine conclusively the relative merits of the parties' contentions.

After assessing the five applicable factors, the Court concludes Defendant has failed to establish as a matter of law that Plaintiff is not entitled to an award of attorney's fees. Even though there is no evidence that Defendant acted in bad faith, one factor alone is not dispositive. *See Freeman,* 996 F.2d at 1119. Defendant is able to satisfy an award of attorney's fees. Such an award would deter others from engaging in similar practices and this claim raises a significant issue regarding the administration of ERISA plans. Accordingly, Defendant's Motion for Summary Judgment will be denied as to attorney's fees.

### CONCLUSION

The Court has reviewed carefully the briefs and affidavits submitted by the parties. Defendant's Motion for Summary Judgment should be and is hereby **DENIED** as to the issue of the untimely notice of the claim and attorney's fees and **GRANTED** as to the award of bad faith damages under O.C.G.A. § 33–4–6.

SO ORDERED.